Simó, Recurrente, v. El Registrador de Arecibo, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura de partición de bienes hereditarios.

No. 312.—Resuelto en junio 19, 1917.

Partición de Herencia—Albaceas—Liquidación de la Sociedad Conyugal—Intervención del Cónyuge Viudo—Herederos Menores de Edad—Aprobación Judicial.—Cuando las operaciones divisorias practicadas por un comisario nombrado por el testador, se extienden a la liquidación de la sociedad conyugal y existen hijos menores de edad, deben practicarse dichas operaciones con intervención del cónyuge viudo y de los menores hijos, representados éstos por un defensor, debiendo también someterse dichas operaciones a la aprobación judicial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manual Paz Urdaz.*

El registrador recurrido Sr. Raúl Benedicto compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Arecibo, a los efectos de la inscripción de cierta finca urbana comprendida en la misma, la escritura de partición de bienes hereditarios de Don Manuel Padín Otero, otorgada por su albacea contador partidor Don José González Padín, el 28 de enero de 1917, el registrador se negó a inscribirla " * * * por resultar de las operaciones divisorias haber en ellas menores interesados, sin que éstos se hallen legalmente representados, ni aprobadas aquéllas judicialmente, * * * " Contra la nota del registrador, se ha interpuesto el presente recurso gubernativo.

Examinadas las operaciones de que se trata, se observa: 1°., que en ellas el albacea contador partidor no se limitó a dividir la herencia del testador, sino que, para cumplir su encargo, tuvo previamente que liquidar la sociedad de gananciales que el testador tuvo constituída con su esposa, la recu-

rrente; 2°., que los menores hijos del testador y de la recu-
rrente si estuvieron representados por alguien en dichas ope-
raciones practicadas de tal modo, lo fueron por la propia re-
currente, y 3°., que las operaciones no se sometieron a la
aprobación judicial.

Siendo esto así, es claro que debe confirmarse la nota re-
currida.   Nos limitaremos a citar a Manresa, que además de
exponer su opinión, resume las resoluciones de la Dirección
General de los Registros sobre la materia, así:

"En muchos casos, para conocer el capital propio del di-
funto, que es el que ha de partirse, ha de preceder otra ope-
ración: la liquidación de la sociedad conyugal y división de
bienes por muerte de un cónyuge.   Esta partición especial
constituye un acto distinto y previo a la partición de la he-
rencia.   El contador, por sí sólo, no puede llevar a efecto esa
liquidación y división que debe practicarse entre el cónyuge
sobreviviente y los herederos del cónyuge premuerto.   A lo
más podría concedérsele su intervención en representación
del causante o sus herederos para poder determinar, como
acto previo y necesario, los bienes que entre dichos herederos
debe después dividir.

"La resolución de 12 de noviembre de 1895, varias veces
citada, declara en efecto, como es lógico y racional, que la li-
quidación de la sociedad conyugal y consiguiente determina-
ción de las aportaciones de ambos cónyuges y de la parte de
gananciales que a cada uno pertenece, son conceptos extraños
y superiores a la simple facultad de hacer la partición de los
bienes del testador, atribuída por la ley en el artículo 1057
al comisario o contador.

"Esta doctrina ha tenido que repetirse por la misma Di-
rección en resoluciones de 14 de marzo de 1903, 26 de febrero,
30 de abril, 25 de mayo y 5 de octubre de 1906."

\*          \*          \*          \*          \*          \*          \*

"Las de 25 de mayo y 5 de octubre de dicho año, precisan
aún más.   Para que sea válida la partición hecha por el con-

tador, es preciso que éste la practique exclusivamente por sí sólo, y que se limite a la división del caudal propio del testador. Cuando además se realiza previamente la liquidación de la sociedad conyugal, como este acto es extraño a su misión, no sólo es indispensable la intervención del cónyuge viudo, sino que, además, si hay herederos menores de edad, éstos deben hallarse representados por un defensor, y la partición debe ser aprobada judicialmente.

"En la práctica, suele prescindirse de este requisito, cuando interviene el viudo en la liquidación, y se halla conforme en la determinación de los bienes que no le corresponden, por estimarse que el comisario representa y defiende a su vez los intereses del testador. No cabe duda, sin embargo, que la doctrina sostenida en las últimas citadas resoluciones, es perfectamente legal." 7 Manresa, Código Civil Español, 632.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.